**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Theresa CRAIG, Defendant–Appellant.**

No. 08–50339.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 22, 2009.

Ellyn Marcus Lindsay, Michael J. Raphael, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Nadine C. Hettle, Esquire, Kathryn Ann Young, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Theresa Craig appeals from the 40–month sentence imposed following her guilty-plea conviction for mail fraud, in violation of 18 U.S.C. § 1341. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, Craig contends the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to rule on a factual dispute she raised with respect to her role. There was no plain error affecting Craig's substantial rights. *See United States v. Olano,* 507 U.S. 725, 735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Second, Craig contends the district court erred by imposing a two-level role enhancement pursuant to U.S.S.G. § 3B1.1(c) for being an organizer, leader, manager, or supervisor. The district court did not clearly err by applying the two-level enhancement. *See United States v. Maldonado,* 215 F.3d 1046, 1050–51 (9th Cir.2000).

Third, Craig contends the district court procedurally erred by refusing to consider her mental condition and by relying on clearly erroneous facts about a victim's suicide. The record belies this contention. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc).

Fourth, Craig contends her sentence is substantively unreasonable. In light of the totality of the circumstances of this case and the factors set forth in 18 U.S.C. § 3553(a), the sentence is not substantively unreasonable. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *Carty,* 520 F.3d at 991–93.

Fifth, Craig contends the district court erred by imposing a supervised release condition concerning community service. Craig has not shown that any error affected her substantial rights. *See Olano,* 507 U.S. at 735, 113 S.Ct. 1770; *see also United States v. Vega,* 545 F.3d 743, 748–49 (9th Cir.2008).

Finally, Craig challenges the amount of restitution imposed by the district court. The district court did not clearly err by ordering Craig to pay restitution in the amount of $2,475,000. *See* 18 U.S.C. § 3663A; *see also United States v. Peyton,* 353 F.3d 1080, 1090 (9th Cir.2003).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.